By the Court, Monell, J.
So far as the defense depended upon a reformation of the contract to conform it to the understanding of the defendants, of what the agreement was, neither the matter set up in the answer nor the proof given on the trial, were sufficient for the purpose.
A written contract can be reformed only when the mistake is mutual. Both parties must understand it alike. (Pennell v. Wilson, 2 Abb. N. S. 466. Nevius v. Dunlap, 33 N. Y. Rep. 676.) The allegation in the answer is that the defendants understood they were to be sureties as for a rent of $900; and that the guaranty was executed by them under a mistake of facts. The proof was to the same effect. It was not averred in the answer, or proved, that the plaintiff had the same understanding of the agreement. The extent of the evidence was the declaration of the plaintiff’s agent, that the second guaranty was “ precisely the name *155 as the year before, except there was $100, in addition to the rent;” and the plaintiff would require the defendants to become responsible, in case Mrs. Shepherd had the house another year, to add $100 to their liability; and this does not differ from the tenor of the written instrument.
There does not seem to have been any misunderstanding respecting the first guaranty; and the second guaranty would have been satisfactory had it been of the same tenor as the first; and the complaint was that it did not correspond to the first, with an amount of $100 added. This was not, therefore, a case for a reformation of the contract;, and so much of the defense as demanded such reformation, should have been excluded.
As I understand, the learned justice put a different construction upon the two instruments. Upon the first, that the defendants were liable up to the amount of $800, and no more; when that sum was paid. by the tenant or by themselves, no matter how much rent might remain due, the defendants were not liable for it. Upon the second guaranty, his construction was, that by its tenor and effect, the defendants were liable for the full amount of any deficiency of rent at the end of the year, up to the sum of $900. I cannot discern what question there was for the jury. It was not a case for reforming the contract; and it was not proper to vary the contract by parol proof. It was, therefore, to be taken as expressing the intent of the parties. Its construction was for the court, and as construed by the court, the plaintiff was entitled to recover the full amount claimed; and a verdict accordingly should have been directed.
I agree to the construction which the learned justice put upon the second contract or guaranty. It is quite clear that it was an engagement on the part of the defendants, that if Mrs. Shepherd made default in the payment of the rent and performance of the covenants, they would pay $900, or any arrears thereof that remained due, to the plaintiff. They intended to limit their responsibility to *156 $900. The words “or any arrears thereof/'referring to any arrears of the rent, are significant, and favor the construction that the guaranty was of the whole rent, with a limitation as to the amount of responsibility; as if they had said, “ if Mrs. Shepherd does not pay her rent, we will pay all arrearages, but not more than $900 in all.”
The principle of the case of Gates v. McKee, (13 N. Y. Rep. 232,) is applicable. There the guaranty was “ I will be responsible for what stock M. E. McKee has had or may want hereafter, to the amount of five hundred dollars;” and it was held that the limit of $500 qualified the responsibility of the guarantor, and not the amount of McKee’s future transactions with the plaintiff.
To the same effect is Rindge v. Judson, (24 N. Y. Rep. 64,) where the guaranty was, “ I will be accountable to you that Mr. Butler will pay you for a credit on glass, paints, &c. which he may require in his business, to the extent of fifty dollars;” and which was held to limit the responsibility, and not the amount of dealings; so that, putting the defendant’s guaranty in the form of the guaranties in the above cases (a form, I think, stronger for the defendants than the one they signed,) namely, that the defendants would be responsible for the rent of Mrs. Shepherd to the extent of $900, and it is brought directly within the principle decided in those cases.
' What is the reasonable interpretation of the guaranty in this case? It seems to me to be, that the defendants"engaged to be responsible to the amount of $900 for the rent of. Mrs. Shepherd. It could not have been the intention of the plaintiff" that the defendants should be relieved of responsibility if Mrs. Shepherd paid the first three quarters of the rent, which would be about equal to the limit of responsibility the defendants had fixed. Security for the payment of "the last quarter’s rent was needed much more than for the previous quarters. If either of the first three quarters were unpaid, the plaintiff could gain possession of his premises, which right had in it the elements of security. *157 Landlords have more fear of losing the last than any of the previous quarters’ rent; and it is fair to presume that the plaintiff in this case attached more importance to getting security for the last quarter’s rent, than to any of the previous quarters. '
The rule is, that the words of a guaranty are to be taken as strongly against the party giving the guaranty as the sense of them will admit, [Mason v. Pritchard, 12 East, 227; Douglas v. Reynolds, 7 Peters, 113, 122;) and care should be taken to hold the party bound to the full extent of what appears to be his engagement.
I am not able to discover a difference in legal effect between the first and second guaranties, as suggested by the learned justice who tried the action. The first guaranty, as I read it, if anything, is stronger against the defendants than the second. In it, the defendants agreed that if default was made by Mrs. Shepherd in the payment of the rent, &e. they would pay the sum of $800 of the said rent, or any arrears thereof that might remain due; and the words “to that extent and no more,” were intended merely to emphasize the extent of the responsibility.
In short, the defendants undertook that if Mrs. Shepherd was in default at any time in the payment of her rent, whether it was the whole or only a portion, the first or the last quarter, they would pay any arrears to the extent of $800 the first year and $900 the second.
I am, therefore, of the opinion that the plaintiff was entitled tó recover the whole of the rent in arrear at the end of the term; and that the instructions of the learned justice to the jury were erroneous.
The order denying a new trial should be reversed, and a new trial ordered, with costs to abide the event.